FRANK N. DARRAS #128904, Frank@DarrasLaw.com
SUSAN B. GRABARSKY #203004, SGrabarsky@DarrasLaw.com
PHILLIP S. BATHER #273236, PBather@DarrasLaw.com

DarrasLaw

3257 East Guasti Road, Suite 300
Ontario, California 91761-1227
Telephone:   (909) 390-3770
Facsimile:    (909) 974-2121

Attorneys for Plaintiff
FELTON HUNTER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| FELTON HUNTER, | Case No: |
| --- | --- |
| Plaintiff, | COMPLAINT FOR BENEFITS UNDER AN EMPLOYEE WELFARE BENEFIT PLAN |
| vs. | |
| LIFE INSURANCE COMPANY OF NORTH AMERICA, | |
| Defendant. | |

Plaintiff alleges as follows:

1. This Court's jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1337 and 29 U.S.C. § 1132(a), (e), (f), and (g), of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1101, *et seq.* (hereafter "ERISA") as it involves a claim by Plaintiff for Disability benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question.

2. The ERISA statute at 29 U.S.C. § 1133, in accordance with Regulations of the Secretary of Labor, provides a mechanism for internal appeal of benefit denials.

Those avenues of appeal have been exhausted.

3. Plaintiff is informed and believes and thereon alleges that the Gerry Lane Enterprises Group Long Term Disability Plan ("Plan") is an employee welfare benefit plan established and maintained by Gerry Lane Enterprises ("GERRY LANE"), to provide its employees and those of its subsidiaries and affiliates, including Plaintiff, FELTON HUNTER ("Plaintiff" and/or Mr. HUNTER"), with income protection in the event of a disability and is the Plan Administrator.

4. Plaintiff alleges upon information and belief that Defendant, LIFE INSURANCE COMPANY OF NORTH AMERICA ("LINA"), is, and at all relevant times was, a corporation duly organized and existing under and by virtue of the laws of the State of Pennsylvania, authorized to transact and transacting the business of insurance in this state, and, the insurer and Claims Administrator for the Plan.

5. Plaintiff further alleges that venue is proper in this district pursuant to 29 U.S.C. § 1132(e)(2) in that defendant LINA, who fully insured the policy and who is ultimately liable if Plaintiff is found disabled, may be found in this district. Since on or about November 1, 1956, LINA has been registered as a corporation with the state of California, has extensive contacts within the state, employs California residents, conducts ongoing business within the state and therefore, may be found within the state.

6. At all relevant times Plaintiff was a resident and citizen of the United States, an employee of GERRY LANE, its successors, affiliates and/or subsidiaries, and a participant in the Plan.

7. Based upon information and belief, Plaintiff alleges that at all relevant times herein Plaintiff was covered under group disability policy number VDT-960271 (the "Policy") that had been issued by Defendant LINA to GERRY LANE to insure its Plan, and the eligible participants and beneficiaries of the Plan, including Plaintiff.

8. The subject Policy promised to pay Plaintiff monthly long term disability benefits for a specified period of time should he become disabled. Therefore, LINA both funds and decides whether claimants will receive benefits under the Plan and as such

suffers from a structural conflict which requires additional skepticism.

9. Based upon information and belief, Plaintiff alleges that, according to the terms of the Plan, if Plaintiff became disabled, LINA promised to pay long term disability benefits to Plaintiff as follows:

- Elimination Period: 180 days
- Gross Disability Benefit: 60%
- Maximum Disability Benefit: $5,000 per month.
- Minimum Disability Benefit: The greater of $100 or 10% of an Employee's Monthly Benefit prior to any reductions for Other Income Benefits.
- Maximum Benefit Period: The later of the Employee's Social Security Normal Retirement Age or the Maximum Benefit Period listed below.
  - Age 62 or under – The Employee's 65th birthday or the date the 42nd Monthly Benefit is payable, if later.
- Definition of Disability/Disabled:
  - The Employee is considered Disabled if, solely because of Injury or Sickness, he or she is:
    - 1. unable to perform the material duties of his or her Regular Occupation; and
    - 2. unable to earn 80% or more of his or her Indexed Earnings from working in his or her Regular Occupation.
  - After Disability Benefits have been payable for 24 months, the Employee is considered Disabled if, solely due to Injury or Sickness, he or she is:
    - 1. unable to perform the material duties of any occupation for which he or she is, or may reasonably, become, qualified based on education, training or experience; and
    - 2. unable to earn 80% or more of his or her Indexed Earnings.

10. Prior to his disability under the terms of the Plan, on or about April 19, 2016, Plaintiff, who had been employed with Gerry Lane, was working as a Sales Manager.

11. However, Plaintiff became disabled under the terms of the Plan and timely submitted a claim to LINA for payment of disability benefits.

12. LINA initially approved and paid Plaintiff's short term disability benefits through October 19, 2016, the maximum duration of benefits under short term disability policy number VDT-960270, due to Plaintiff's inability to perform his regular job.

13. However, on or about July 13, 2017, LINA unreasonably and unlawfully denied his long term disability claim. And, on or about April 5, 2018, LINA unreasonably and unlawfully upheld its denial of the disability claim.

14. According to LINA's denial letters:

- **July 13, 2017**: "After completing our review of Mr. Hunter's claim, we are unable to approve his claim for benefits…You have the right to bring a legal action for benefits under the Employee Retirement Income Security Act of 1974 (ERISA) section 502(a) following an adverse benefit determination on appeal."

- **April 5, 2018**: "After completing our review of Mr. Hunter's claim, we must affirm our previous decision dated July 13, 2017 to deny his claim…You have the right to bring a legal action for benefits under the Employee Retirement Income Security Act of 1974 (ERISA) section 502(a)…"

15. In so doing, LINA unreasonably and unlawfully failed to timely identify the medical personnel who reviewed Plaintiff's file; relied upon the opinions of physicians who were financially biased and/or not qualified to refute the findings of Plaintiff's board certified physicians; relied strictly upon physical requirements of occupations instead of taking into consideration the non-exertional requirements of Plaintiff's regular, or any, occupation; and misrepresented the terms of the Policy.

16. Additionally, LINA knew, or should have known, that the documentation submitted to and/or obtained by LINA clearly substantiated Plaintiff's disability, including, but not limited to, the following:

- <u>04/28/2016 X-Ray Lumbar Spine</u>:
    - Impression: Marked multilevel spondylosis and mild multilevel degenerative disc disease
- <u>04/28/2016 X-Ray Left Knee</u>:
    - Impression. Degenerative Joint Disease. Calcific Atherosclerosis
- <u>04/29/2016 Attending Physician Statement Completed by Plaintiff's Treating Physician</u>:
    - Patient was continuously disabled (unable to work) from 4/18/2016 through current.
    - If still disabled, date patient should be able to return to work:
        - Unable to say. Unable to predict response.
- <u>05/25/2016 Attending Physician Statement Completed by Plaintiff's Treating Physician</u>:
    - Primary Diagnosis: Rheumatoid Arthritis, degenerative joint disease involving multiple joints.
    - Could your patient return to work at this time if accommodations were made for the listed restrictions?
        - No. Not until physical therapy is completed, then re-evaluate.
- <u>10/17/2016 Letter of Support from Plaintiff's Treating Physician</u>:
    - Mr. Hunter is a patient of mine…Patient is currently unable to work while treatment is being initiated.
- <u>10/30/2017 Questionnaire Completed by Plaintiff's Treating Physician</u>:
    - The medical records indicate that Mr. Hunter has been diagnosed with rheumatoid arthritis, cervical stenosis and spondylosis, osteoarthritis in the hands and feet, lumbar degenerative disc disease and ankylosing

COMPLAINT

spondylitis. Does Mr. Hunter still suffer from the aforementioned conditions?
- Yes
- The records indicate that Mr. Hunter has difficulty sitting for prolonged periods of time. Do you agree that Mr. Hunter's ongoing medical conditions render him unable to sit for prolonged periods of time?
  - Yes
- The records indicate that Mr. Hunter has difficulty standing and/or walking for prolonged periods of time due to his knee pain and feet pain. Do you agree that Mr. Hunter's ongoing medical conditions render him unable to stand and/or walk for prolonged periods of time?
  - Yes
- Your medical records document that Mr. Hunter's range of motion is limited in his cervical spine, lumbar spine and both knees. Does Mr. Hunter still have deficits in his range of motion?
  - Yes
- The records indicate that Mr. Hunter also suffers from osteoarthritis in his hands. Do you agree that Mr. Hunter's ability to grasp, manipulate, finger, write and/or type is impaired due to the complications in his hands?
  - Yes

- <u>12/04/2017 Questionnaire Completed by Plaintiff's Treating Rheumatologist</u>:
  - The medical records indicate that Mr. Hunter has been diagnosed with rheumatoid arthritis, degenerative joint disease, osteoarthritis in the hands and feet, cervical stenosis and spondylosis, lumbar degenerative disc disease, knee pain and ankylosing spondylitis. Does Mr. Hunter still suffer from the aforementioned conditions?
    - Yes

- o The records indicate that Mr. Hunter has difficulty sitting for prolonged periods of time. Do you agree that Mr. Hunter's ongoing medical conditions render him unable to sit for prolonged periods of time?
    - Yes
- o The records indicate that Mr. Hunter has difficulty standing and/or walking for prolonged periods of time due to his knee and feet pain. Do you agree that Mr. Hunter's ongoing medical conditions render him unable to stand and/or walk for prolonged periods of time?
    - Yes
- o The records indicate that Mr. Hunter also suffers from osteoarthritis in his hands. Do you agree that Mr. Hunter's ability to grasp, manipulate, finger, write and/or type is impaired due to the complications in his hands?
    - Yes

17. To date, even though Plaintiff has been disabled, LINA has not paid Plaintiff any disability benefits under the Policy. The unlawful nature of LINA's denial decision is evidenced by, but not limited to, the following:

- LINA engaged in procedural violations of its statutory obligations under ERISA, including, but not limited to, failing to promptly identify the medical consultants who reviewed his file; failing to timely advise Plaintiff of what specific documentation it needed from him to perfect his claim; and, failing to provide a complete copy of all documents, records, and other information relevant to him claim despite a request by Plaintiff in violation of 29 C.F.R. Section 2560.530-1(h)(2)(iii);
- LINA ignored the obvious, combed the record and took selective evidence out of context as a pretext to deny Plaintiff's claim; and,
- LINA ignored the opinions of Plaintiff's board certified treating

physicians and/or misrepresented the opinions of Plaintiff's treating physicians. Deference should be given to the treating physician's opinions as there are no specific, legitimate reasons for rejecting the treating physicians' opinions which are based on substantial evidence in the claim file. Further, LINA's highly conflicted physician's opinion does not serve as substantial evidence, as it is not supported by evidence in the claim file, was not issued by a physician with the same level of medical expertise as the board certified treating physicians, nor is it consistent with the overall evidence in the claim file.

18. For all the reasons set forth above, the decision to deny disability insurance benefits was wrongful, unreasonable, irrational, sorely contrary to the evidence, contrary to the terms of the Plan and contrary to law. Further, LINA's denial decision and actions heighten the level of skepticism with which a court views a conflicted administrator's decision under *Abatie v. Alta Health & Life Insurance Co.*, 458 F.3d 955 (9th Cir. 2006) and *Metropolitan Life Insurance Co. v. Glenn*, 128 S. Ct. 2342 (2008).

19. Additionally, ERISA imposes higher-than-marketplace quality standards on insurers. It sets forth a special standard of care upon a plan administrator, namely, that the administrator "discharge [its] duties" in respect to discretionary claims processing "solely in the interests of the participants and beneficiaries" of the plan, § 1104(a)(1); it simultaneously underscores the particular importance of accurate claims processing by insisting that administrators "provide a 'full and fair review' of claim denials," *Firestone*, 489 U.S., at 113 (quoting § 1133(2)); and it supplements marketplace and regulatory controls with judicial review of individual claim denials, see § 1132(a)(1)(B).

20. As a direct and proximate result of LINA's failure to provide Plaintiff with disability benefits, Plaintiff has been deprived of said disability benefits beginning on or about October 16, 2016 to the present date.

21. As a further direct and proximate result of the denial of benefits, Plaintiff has incurred attorney fees to pursue this action, and is entitled to have such fees paid by defendants pursuant to 29 U.S.C. § 1132(g)(1), ERISA § 502(g)(1).

22. A controversy now exists between the parties as to whether Plaintiff is disabled as defined in the Plan. Plaintiff seeks the declaration of this Court that he meets the Plan definition of disability and consequently he is entitled to all benefits from the Plan to which he might be entitled while receiving disability benefits, with reimbursement of all expenses and premiums paid for such benefits from October 16, 2016 to the present. In the alternative, Plaintiff seeks a remand for a determination of Plaintiff's claim consistent with the terms of the Plan.

WHEREFORE, Plaintiff prays for relief against Defendants as follows:

1. An award of benefits in the amount not paid Plaintiff beginning on or about October 16, 2016, together with interest at the legal rate on each monthly payment from the date it became due until the date it is paid; plus all other benefits from the Plan to which he might be entitled while receiving disability benefits, with reimbursement of all expenses and premiums paid for such benefits or, in the alternative, a remand for a determination of Plaintiff's claim consistent with the terms of the Plan;

2. An order determining Plaintiff is entitled to future disability payments/benefits so long as he remains disabled as defined in the Plan;

3. For reasonable attorney fees incurred in this action; and,

4. For such other and further relief as the Court deems just and proper.

Dated: January 29, 2019

DarrasLaw

_____
PHILLIP S. BATHER
Attorneys for Plaintiff
FELTON HUNTER